IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH McCULLOUGH, )<br>)<br>Plaintiff )<br>) Civil Action No.06-514<br>vs. ) Judge Gary L. Lancaster<br>) Magistrate Judge Amy Reynolds Hay<br>ERIC M. MILLER, et al., )<br>)<br>Defendants )<br>)<br>)<br>) Re:   Dkt. [43] | |

REPORT AND RECOMMENDATION

RECOMMENDATION

It is respectfully recommended that Plaintiff's motion for a temporary restraining order and/or preliminary injunction be denied.

REPORT

Kenneth McCullough, ("Plaintiff") is a state prisoner who is serving a 10 to 20 year sentence for murder. Dkt. [15] at 5.[1] Plaintiff filed the original complaint on April 18, 2006, essentially alleging that on July 15, 2004, some corrections officers attacked him at SCI-Pittsburgh, and that as a result, he was falsely charged with disciplinary charges of which he was found guilty and consequently placed in the Restricted Housing Unit. He alleges that the other defendants who were not involved in the attack itself nevertheless upheld the false disciplinary

---

[1] See also the docket in Commonwealth v. Kenneth McCullough, No. CP-51-CR-0131211-1992 (Ct. Com. Pl. Philadelphia) which is available at:
http://ujsportal.pacourts.us/PublicReporting/PublicReporting.aspx?rt=1&&ct=4&dkt=103423949&arch=0&ST=10/3/2007%2012:12:04%20PM

charges against him and thus acquiesced in the violation of his rights. In his amended civil rights complaint, Plaintiff alleges that the foregoing violated his Eighth Amendment rights.[2] Plaintiff is now housed in SCI-Fayette.

The subject of this Report and Recommendation is the disposition of Plaintiff's motion for a Temporary Restraining Order ("TRO") or Preliminary Injunction ("PI"). Dkt. [43]. He seeks to have this Court issue an order directing the defendants and their agents or "anyone who is of interest to the Pennsylvania Department of Corrections" to not place Plaintiff in the RHU as a result of the filing this lawsuit, to not harass, threaten, or physically harm him and to not interfere with his parole release and not to transfer him out of the Western District/Region. Dkt. [43] at 1.

In determining whether a preliminary injunction[3] is warranted, a court must consider: (1)

---

[2]  Plaintiff does not specifically mention the Civil Rights Act, 42 U.S.C. § 1983; however, because he is seeking to vindicate his constitutional rights and he does not have a cause of action directly under the Constitution, a liberal reading of the complaint requires the court to construe his complaint as one invoking the court's jurisdiction pursuant to 42 U.S.C. § 1983. See, e.g., Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001)("a litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but must utilize 42 U.S.C. § 1983.").

[3] Because the standards for the grant of a preliminary injunction and a temporary restraining are the same, the court's analysis of the preliminary injunction will also dispose of Plaintiff's request for a  temporary restraining order. Babn Technologies Corp. v. Bruno, No. Civ.A.  98-3409, 1998 WL 720171, at *3 (E.D.Pa. Sept. 2, 1998) ("The standard for a temporary restraining order is the same as that for a preliminary injunction. Bieros v. Nicola, 857 F.Supp. 445, 446 (E.D.Pa.  1994)."); Cooper v. City of Philadelphia, 18th District, No. Civ.A. 93-3007, 1993 WL 274192, *1 (E.D.Pa. July 2, 1993)("The standards for a temporary restraining order and a preliminary injunction are the same."). The distinguishing features between these two forms of injunctive relief are that temporary restraining orders may be issued ex parte without an adversary hearing and are of limited duration, whereas preliminary injunctions may be issued only after the opposing party receives notice and after some form of hearing, and last until the completion of the trial on the merits. Babn Technologies, 1998 WL 720171, at *3.

whether the movant has shown a reasonable probability of success on the merits;  (2) whether the movant will be irreparably injured by denial of the relief;  (3) whether granting preliminary relief will result in even greater harm to the nonmoving party;  and (4) whether granting the preliminary relief will be in the public interest.  Allegheny Energy, Inc. v. DQE, Inc., 171 F.3d 153, 158 (3d Cir.1999) (citing ACLU v. Black Horse Pike Regional Bd. of Educ., 84 F.3d 1471, 1477 n. 2 (3d Cir.1996) (en banc)).   It is the movant's burden to demonstrate that he merits the grant of the preliminary injunctive relief.  Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 90-91 (3d Cir. 1992)("In order to support a preliminary injunction, plaintiff must show both a likelihood of success on the merits and a probability of irreparable harm.").  Further, it is well established general law with respect to equitable injunctive relief that the Court is to bear constantly in mind that an "[i]njunction is an equitable remedy which should not be lightly indulged in, but used sparingly and only in a clear and plain case." Plain Dealer Publishing Co. v. Cleveland Type. Union # 53, 520 F.2d 1220, 1230 (6th Cir. 1975).  As a corollary of the principle that preliminary injunctions should issue only in a clear and plain case, our Third Circuit Court of Appeals has observed that "upon an application for a preliminary injunction to doubt is to deny."  Madison Square Garden Corp. v. Braddock, 90 F.2d 924, 927 (3d Cir. 1937).  See also Armstrong World Industries, Inc. v. Allibert, No. Civ. 97-3914, 1997 WL 793041, at *15  (E.D. Pa. Nov. 26, 1997) ("The 'extraordinary remedy' of a preliminary injunction is proper only in limited circumstances. . . .   Courts in this District and Circuit apply the equitable maxim that 'to doubt is to deny.'") (citing Madison Square Garden Corp.);  Graham v. Triangle Publications, Inc., 233 F.Supp. 825, 829 (E.D.Pa. 1964), aff'd, 344 F.2d 775 (3d Cir. 1965); Spirol Int'l Corp. v. Vogelsang Corp., 652 F.Supp. 160, 161 (D.N.J. 1986)).  Moreover, it is

plaintiff's burden to show that the "preliminary injunction must be the only way of protecting the plaintiff from harm." Campbell Soup Co. v. ConAgra, Inc., 977 F.2d at 91. Additionally, a "plaintiff has the burden of proving a 'clear showing of immediate irreparable injury.' The 'requisite feared injury or harm must be irreparable-not merely serious or substantial,' and it 'must be of a peculiar nature, so that compensation in money cannot atone for it.'" Id., at 91-92.

    As noted above, in order to merit a preliminary injunction, it is Plaintiff's burden to persuade the court that he has a reasonable probability of success on the merits. Allegheny Energy, Inc. v. DQE, Inc., 171 F.3d at 158. To succeed on the merits of his Eighth Amendment claim, he must show that the defendants caused a violation of his Eighth Amendment rights. Hamilton v. Leavy, 117 F.3d 742, 746 (3d Cir. 1997)(to "survive a summary judgment on an Eighth Amendment claim asserted under 42 U.S.C. § 1983, a plaintiff is required to produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation."). With respect to the many defendants not personally involved in the alleged attack, Plaintiff has not shown that they caused the alleged constitutional violation because Plaintiff merely alleges they knew about the attack, apparently after the fact, and did nothing. Such an allegation is insufficient, however. Any actions or inactions that occurred after the alleged assault had already been completed cannot be said to have been the "cause" of Plaintiff's injuries. Without such causation there can be no liability. See, e.g., Troublefield v. City of Harrisburg, Bureau of Police, 789 F.Supp. 160, 166 (M.D. Pa. 1992)("Brower v. Inyo County, 489 U.S. 593 (1989) . . . requires that some nature of volitional act on the part of the state actor must cause the harm to plaintiff for a fourth amendment excessive force claim to sound."). See also Ricker v. Weston, 27 Fed.Appx. 113, 119 (3d Cir.

4

2002)("This decision not to discipline the officers does not amount to active involvement in appellees' injuries given that all of the injuries occurred before the decision.").

As to the few defendants who were involved in the actual attack, the Court need not decide if there is a reasonable probability of success on the merits as to them because Plaintiff fails to carry his burden as to the second prong of the test, i.e., whether the movant will be irreparably injured by denial of the relief sought.

As noted above, in order to merit the grant of a preliminary injunction, Plaintiff bears the burden of establishing a "clear showing of immediate irreparable injury" under the second prong. Hohe v. Casey, 868 F.2d 69, 72 (3d Cir.), cert. denied, 493 U.S. 848 (1989). This is not an easy burden. Adams v. Freedom Forge Corp., 204 F.3d 475, 484 (3d Cir. 2000). For "a showing of irreparable harm is insufficient if the harm will occur only in the indefinite future. Rather, the moving party must make a clear showing of *immediate* irreparable harm." Campbell Soup, 977 F.2d at 91 (internal quotations omitted). For "the claimed injury cannot merely be possible, speculative or remote." Dice v. Clinicorp, Inc., 887 F. Supp. 803, 809 (W.D. Pa. 1995). An injunction is not issued "simply to eliminate a possibility of a remote future injury. . . ." Acierno v. New Castle County, 40 F.3d 645, 655 (3d Cir. 1994) (citations omitted). The facts must clearly support a finding that immediate and irreparable injury will result to the movant if preliminary relief is denied. United States v. Stazola, 893 F.2d 34, 37 n.3 (3d Cir. 1990). Absent a showing of immediate, irreparable injury, the court should deny preliminary injunctive relief. Id.

Plaintiff's allegations fail to show any immediate irreparable injury that will result from the Court's denial of his preliminary injunction. Here, Plaintiff has failed to make the necessary

5

showing of immediate irreparable injury.  Furthermore, where a plaintiff requests an injunction that would require the Court to interfere with the administration of a state prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief."  Rizzo v. Goode, 423 U.S. 362, 379 (1976).  The federal courts are not overseers of the day-to-day management of prisons.  Prison officials require broad discretionary authority as the "operation of a correctional institution is at best an extraordinarily difficult undertaking."  Wolff v. McDonnell, 418 U.S. 539, 566 (1974).  Accordingly, prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that are needed to preserve internal order and to maintain institutional security.  Bell v. Wolfish, 441 U.S. 520, 527 (1979).  Plaintiff has simply failed to show that he would suffer immediate irreparable injury that would justify this court's interference with the State officials' administration of SCI-Fayette and their determination of where Plaintiff is best housed.

CONCLUSION

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

    Respectfully submitted,

    /s/  Amy Reynolds Hay
    United States Magistrate Judge

Dated: 17 October, 2007

cc:    The Honorable Gary L. Lancaster
       United States District Judge

       Kenneth Mccullough
       CJ-3651
       State Correctional Institute Fayette
       50 Overlook Drive
       Labelle, PA 15450

       All counsel of record via CM-ECF